SACCO & FILLAS, LLP
Luigi Brandimarte (LB-8388)
Brian S. Vidas (BV-6920)
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
(718) 746-3440
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN VARELA, RAUL MARTE, DENNIS PALACIOS, ANGELA PALACIOS, and VITALI GONCHAROV, *individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>-against-<br><br>SHLEPPERS HOLDINGS LLC, ALLEN GOLAN, ROBERT FRIEDLAND, and JASON FRIEDLAND<br><br>Defendants. | Case No. 13-CV-01270 (PGG)<br><br>ECF CASE<br><br>**COMPLAINT**<br><br>FLSA COLLECTIVE ACTION |

Plaintiffs John Varela, Raul Marte, Dennis Palacios, Angela Palacios, and Vitali Goncharov, on behalf of themselves and others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, the Defendant's principal place of business is in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## **PARTIES**

3. Plaintiff John Varela ("Varela") is a New York resident and was employed by Defendants as a moving truck driver at Defendants' business.

4. Plaintiff Raul Marte ("Marte") is a New York resident and was employed by Defendants as a helper at Defendants' business.

5. Plaintiff Dennis Palacios ("Dennis Palacios") is a New York resident and was employed by Defendants as a foreman and driver at Defendants' business.

6. Plaintiff Angela Palacios ("Angela Palacios") is a New York resident and was employed by Defendants as a helper at Defendants' business.

7. Plaintiff Vitali Goncharov ("Goncharov") is a New York resident and was employed by Defendants as a foreman and helper at Defendants' business.

8. Upon information and belief, Defendant Shleppers Holdings LLC ("Shleppers") is a corporation organized under the laws of the State of New York, with a registered address at 656 Central Park Avenue, Yonkers, New York 10704. Shleppers provides relocation and moving services to residential and commercial customers in the Greater New York City area, Northeast region, and to the rest of the country.

9. Upon information and belief, Defendant Allen Golan ("Golan") is a New York resident and co-owner and chief operating officer of Shleppers. Defendant Golan is sued individually in his capacity as an owner, officer, and/or agent of Shleppers.

10. Upon information and belief, Defendant Robert Friedland ("Robert Friedland") is a New York resident and chairman of Shleppers. Defendant Robert Friedland is sued individually in his capacity as an officer and/or agent of Shleppers.

11. Upon information and belief, Defendant Jason Friedland ("Jason Friedland" and together with Golan and Robert Friedland, the "Individual Defendants") is a New York resident and co-owner and president of Shleppers. Defendant Jason Friedland is sued individually in his capacity as an owner, officer, and/or agent of Shleppers.

12. Shleppers, Golan, Robert Friedland, and Jason Friedland are joint employers under the Fair Labor Standards Act.

13. Upon information and belief, the Individual Defendants possess or possessed operational control over Shleppers, hold or held an ownership interest in Shleppers, or controls or controlled significant functions of Shleppers. They determined the wages and compensation of the employees of Shleppers, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

14. Upon information and belief, Defendants are an enterprise engaged in commerce or in the production of goods for commerce whose annual gross volume of sales made or business done is not less than $500,000.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

15. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in any hourly position, including but not limited to, foreman, drivers, helpers, dispatchers, or other similar positions on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

18. Defendants committed the following acts knowingly and willfully.

19. Defendants knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiffs and violate federal and/or state laws.

*John Varela*

20. Varela worked as a moving truck driver for Defendants during the period April 2010 through November 2012.

21. Throughout Varela's employment with Defendants, Defendants failed to pay him for all hours that he worked.

22.     Varela was not required to clock in or out during the time he worked for Defendants.

23.     Varela generally worked from 7:00am until 7:00pm, and even later on some days, six (6) or seven (7) days per week. His duties typically included preparing a truck in the morning for that day's move, traveling to the destination or destinations, unloading the truck at the destination or destinations, and then returning to the loading site to conclude his day.

24.     Each paycheck that Varela received reflects the amount of compensation that he was being paid for during the period covered by the paycheck. However, Varela's paychecks consistently reflected payment for less total hours than what Varela actually worked, indicating an alteration in Varela's records of his time worked in a typical work week.

25.     Varela regularly worked more than forty hours per week.

26.     Varela's paychecks do not reflect time worked in excess of forty (40) hours per week. Accordingly, Varela was not compensated at one and a half times his regular rate of pay for hours worked in excess of forty (40) per week.

*Raul Marte*

27.     Marte worked as a helper for Defendants during the period July 2006 through September 2012.

28.     Throughout Marte's employment with Defendants, Defendants failed to pay him for all hours that he worked.

29.     Marte was not required to clock in or out during the time he worked for Defendants.

30.     Marte generally worked from 7:00am until 7:00pm, and even later on some days, five (5) to seven (7) days per week. His duties typically included preparing a truck in the

morning for that day's move, traveling to the destination or destinations, unloading the truck at the destination or destinations, and then returning to the loading site to conclude his day. He assisted the driver and foreman during each day's move.

31. Each paycheck that Marte received reflects the amount of compensation that he was being paid for during the period covered by the paycheck. However, Marte's paychecks consistently reflect payment for less total hours than what Marte actually worked, indicating an alteration in Marte's records of his time worked in a typical work week.

32. Marte regularly worked more than forty hours per week.

33. Marte's paychecks do not reflect time worked in excess of forty (40) hours per week. Accordingly, Marte was not compensated at one and a half times his regular rate of pay for hours worked in excess of forty (40) per week.

*Dennis Palacios*

34. Dennis Palacios worked as a foreman and/or dispatcher for Defendants during the period July 2008 through November 2011.

35. Throughout Dennis Palacios's employment with Defendants, Defendants failed to pay him for all hours that he worked.

36. Dennis Palacios was not required to clock in or out during the time he worked for Defendants.

37. Dennis Palacios generally worked from 7:00am until 7:00pm, and even later on some days, six (6) or seven (7) days per week. His duties typically included preparing a truck in the morning for that day's move, traveling to the destination or destinations, unloading the truck at the destination or destinations, and then returning to the loading site to conclude his day. He served as team leader of his moving crew.

6

38. Each paycheck that Dennis Palacios received reflects the amount of compensation that he was being paid for during the period covered by the paycheck. However, Dennis Palacios's paychecks consistently reflect payment for less total hours than what Dennis Palacios actually worked, indicating an alteration in Dennis Palacios's records of his time worked in a typical work week.

39. Dennis Palacios regularly worked more than forty hours per week.

40. Dennis Palacios's paychecks do not reflect time worked in excess of forty (40) hours per week. Accordingly, Dennis Palacios was not compensated at one and a half times his regular rate of pay for hours worked in excess of forty (40) per week.

*Angela Palacios*

41. Angela Palacios worked as a helper for Defendants during the period March 2009 through July 2011.

42. Throughout Angela Palacios's employment with Defendants, Defendants failed to pay her for all hours that he worked.

43. Angela Palacios was not required to clock in or out during the time she worked for Defendants.

44. Angela Palacios generally worked from 7:00am until 7:00pm, and even later on some days, five (5) to seven (7) days per week. Her duties typically included preparing a truck in the morning for that day's move, traveling to the destination or destinations, unloading the truck at the destination or destinations, and then returning to the loading site to conclude her day. She assisted the driver and foreman during each day's move.

45. Each paycheck that Angela Palacios received reflects the amount of compensation that she was being paid for during the period covered by the paycheck. However, Angela

Palacios's paychecks consistently reflect payment for less total hours than what Angela Palacios actually worked, indicating an alteration in Angela Palacios's records of her time worked in a typical work week.

46. Angela Palacios regularly worked more than forty hours per week.

47. Angela Palacios's paychecks do not reflect time worked in excess of forty (40) hours per week. Accordingly, Angela Palacios was not compensated at one and a half times her regular rate of pay for hours worked in excess of forty (40) per week.

*Vitali Goncharov*

48. Goncharov worked as a helper and foreman for Defendants during the period May 2010 through August 2011.

49. Throughout Goncharov's employment with Defendants, Defendants failed to pay him for all hours that he worked.

50. Goncharov was not required to clock in or out during the time he worked for Defendants.

51. Goncharov generally worked from 7:00am until 7:00pm, and even later on some days, six (6) or seven (7) days per week. His duties typically included preparing a truck in the morning for that day's move, traveling to the destination or destinations, unloading the truck at the destination or destinations, and then returning to the loading site to conclude his day. He served as team leader of his moving crew.

52. Each paycheck that Goncharov received reflects the amount of compensation that he was being paid for during the period covered by the paycheck. However, Goncharov's paychecks consistently reflect payment for less total hours than what Goncharov actually

worked, indicating an alteration in Goncharov's records of his time worked in a typical work week.

53. Goncharov regularly worked more than forty hours per week.

54. Goncharov's paychecks do not reflect time worked in excess of forty (40) hours per week. Accordingly, Goncharov was not compensated at one and a half times his regular rate of pay for hours worked in excess of forty (40) per week.

55. Plaintiffs sustained substantial losses from Defendants' failure to pay them for all hours worked and their failure to pay them proper overtime compensation.

56. Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

57. Upon information and belief, Defendants, though their corporate management, deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage and Record Keeping**
**Violations, 29 U.S.C. §§ 201** *et seq.*
**Brought by Plaintiffs and on Behalf of themselves**
**and the FLSA Collective Plaintiffs)**

58. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

59. Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendants each have been, and continue to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Specifically, Defendants utilize interstate

commerce when they employee the use of the interstate highway system in delivering and shipping goods across state lines. They do business in the Northeast, including but not limited to the States of New York, New Jersey, Connecticut, Pennsylvania, and Massachusetts, and additionally do business in other parts of the country.

60. At all relevant times, Defendants have employed Plaintiffs, and/or continue to employ the FLSA Collective Plaintiffs as "employees" within the meaning of the FLSA.

61. Moreover, Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendants were an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 whose annual gross volume of sales made or business done was not less than $500,000.

62. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

63. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

64. At all relevant times, Defendants willfully, regularly and repeatedly failed and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiffs and the other FLSA Collective Plaintiffs, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiffs and the other FLSA Collective Plaintiffs.

65. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as

provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs and on Behalf of Themselves
and the FLSA Collective Plaintiffs)**

66. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

67. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

68. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Plaintiffs and the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiffs and the FLSA Collective Plaintiffs have been and are entitled to overtime.

69. At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

70. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)**

71.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

72.     Defendants knowingly and willfully failed to pay Plaintiffs the New York minimum wage for all hours worked.

73.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained compensatory and liquidated damages, including loss of earnings, in an amount to be determined at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)**

74.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

75.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

76.     At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

77.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained compensatory and liquidated damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Notices and Record-Keeping Requirements**
**N.Y. Lab. Law §§ 190 *et seq.*)**

78. Plaintiffs reallege and incorporate by reference all previous paragraphs.

79. By failing to give proper notice to Plaintiffs and to maintain proper recordkeeping requirements pursuant to N.Y. Lab. Law §§ 190, *et seq.*, Defendants are liable to Plaintiffs for civil penalties and costs.

80. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including the loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other covered employees, pray for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

B. Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C. Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

    G.    Prejudgment and post-judgment interest, as provided by law; and

    H.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Astoria, New York
February 19, 2013

**SACCO & FILLAS, LLP**

By: /s/ Brian S. Vidas
Luigi Brandimarte (LB-8388)
Brian S. Vidas (BV-6920)
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

*Attorneys for Plaintiffs, proposed collective action members*

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.